(Decided 16th July, 1879.)

JOHN THOMPSON TROUP *vs.* ALPHEUS R. APPLEMAN.

*Attachment under the Act of* 1864, *ch.* 306—*Case where Acceptance of a note for a debt Fraudulently contracted created a New Contract, and operated as a Ratification of the Fraudulent act—Estoppel.*

Certain bonds of T. held by A. for safe-keeping, were sold by A. and the proceeds used by him. With knowledge of the fact, T. accepted and retained a promissory note of A., and others sent him by A. for the amount of the value of the bonds sold, and collected the interest on said note for two years. Upon an attachment issued by T. against A. under the Act of 1864, ch. 306, to recover the value of said bonds, upon the ground that the defendant "fraudulently contracted the debt, or incurred the obligation respecting which the action was brought," it was HELD:

1st. That the acceptance of the note, under all the circumstances connected with it, created a new contract between the parties, and operated as an affirmance and ratification of the conduct of A.

2nd. That such affirmance and ratification with full knowledge of all the circumstances, operated as a waiver, and T. was estopped from afterwards charging that the act of A. was wrongful or fraudulent.

APPEAL from the Circuit Court for Washington County.

The appellant instituted an action of attachment under the Act of 1864, ch. 306, to recover from the appellee the value of certain bonds, basing the action upon the ground that the defendant fraudulently contracted the debt or incurred the obligation in respect to which the action was brought. The Court below quashed the attachment and the plaintiff appealed. The case is further stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ROBINSON and IRVING, J.

*Tryon Hughes Edwards* and *H. H. Keedy*, for the appellant.

*A. K. Syester*, for the appellee.

BRENT, J., delivered the opinion of the Court.

This appeal is from the ruling of the Circuit Court for Washington County quashing an attachment, which had been issued in behalf of the appellant on the 12th of August, 1878,

The appellant, about April, 1870, placed in the hands of the appellee, who was a partner with Asbury G. Appleman, doing business in Hagerstown as bankers and brokers under the name of Appleman & Co., some government bonds, to be by him sold and invested in certain other named bonds, which latter bonds when so purchased were to remain in the custody of his firm for safe keeping. Whether the bonds were actually purchased, and set aside

for the appellant, distinct from the bonds of the firm, does not with certainty appear.

In August, 1870, the firm of Appleman & Co. seems to have been organized anew, under the name of "The National Bank of Hagerstown." Shortly afterwards Asbury G. Appleman sold out his interest to the appellee, who thereby became sole owner of the so-called Bank, with the assumed obligation to pay all its liabilities. About the year 1874 the appellee removed his Bank to Washington City, and there continued the business in which he had been engaged at Hagerstown.

The appellant, becoming distrustful, called upon him several times for the delivery to him of the bonds, which he supposed had been purchased for him and were still in the custody of the appellee. After several interviews, the appellee informed him that he had sold them and used the proceeds. Afterwards, and about the 1st of July, 1875, a statement was rendered to the appellant by the appellee, showing the value of the bonds so sold, which amounted to the sum of $3900. At the foot of the statement was the following memorandum: "A. R. A. to give his note for $3900, dated July 1st, 1875, for one year from date."

In August, 1875, the appellee, Alpheus R. Appleman, sent enclosed in a letter, to the appellant, John T. Troup, the following promissory note:

"$3900.        WASHINGTON, D. C., July 1st, 1875.

"One year after date we promise to pay to the order of J. T. Troup, thirty-nine hundred dollars, value received with interest from date.

A. R. Appleman,<br>
F. K. Zeigler,<br>
B. A. Garlinger."

This note was accepted and retained by the appellant, and the interest upon it was paid to and received by him,

as it fell due on the 1st of July, 1876, and the 1st of July, 1877.

The note continued in his possession at the time this attachment was issued; no offer was made at any time to return it, but at the time of the hearing of the motion to quash, it was brought into Court to be cancelled.

Upon this state of the facts the greater part of the argument of counsel before this Court, was directed to the question, whether the original liability of the appellee for the conversion of the bonds came within the provision of the Act of 1864, ch. 306, authorizing process of attachment, where "the defendant fraudulently contracted the debt, or incurred the obligation respecting which the action is brought."

This question is not necessary for the decision of this case, and we shall express no opinion upon it. We are all of opinion that the acceptance of the note of July, 1st, 1875, under all the circumstances connected with it, created a new contract between the parties, and operated as an affirmance and ratification of the conduct of the appellee. The acceptance of the note by the appellant was with full knowledge of all the facts; the proposition to take it was contained in the written memorandum furnished July 1st, 1875, and the note with security was accordingly proffered and accepted the 16th of August, following—It was acted upon and treated by both appellant and appellee as an effective note, having for its consideration the actual indebtedness of the one to the other. No matter what may have been the mental reservation of the appellant, the facts of the case do not support the theory that it was offered and accepted as collateral security. On the contrary, we are satisfied from the proof that it was given and accepted for the amount ascertained to be due from the appellee to the appellant on account of money which came into his hands from the sale of bonds. Being so accepted and treated for more than three years,

before the issuing of this attachment, its acceptance cannot be viewed in any other light than as a ratification and confirmation of that act. It is now too late for the appellant to charge as fraudulent, the creation of a debt by an act which he has so decisively recognized and affirmed.

That a sale of bonds under circumstances like the present, may be recognized and affirmed, and the relation of ordinary debtor and creditor thereby established between the parties, has not been controverted in the argument of counsel, and we need only cite the case of *Cooke vs. Tullis*, 18 *Wallace*, 332, in support of the doctrine.

It is hardly necessary to add, that an affirmance and ratification of an act, *with full knowledge of all its circumstances*, operates as a waiver, and the party is estopped from afterwards charging, that it was wrongfully or fraudulently done.

In this view of the case before us, we think the Circuit Court acted without error in quashing the attachment, and its judgment will be affirmed.

*Judgment affirmed.*

(Decided 16th July, 1879.)